# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KERRY BALDER WARD**                                                                **PLAINTIFF**

**v.**                                                  **CAUSE NO. 1:18CV120-LG-RHW**

**DONALD ALLEN BALDER, JR.**                                    **DEFENDANT**

## ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING RELATED MOTIONS

BEFORE THE COURT is the [43] Motion to Set Aside Entry of Default and for Leave to File Answer to Amended Complaint filed by Defendant Donald Allen Balder, Jr. Related are Plaintiff Ward's [30] Motion for Default Judgment as to Amended Complaint and [24] Motion for Sanctions, and Defendant Balder's [54] Motion to Quash.

In his Motion to Set Aside Entry of Default, Balder contends that the Clerk's entry of default occurred through no fault of his own. Now that he has obtained new counsel, he wishes to answer the amended complaint, present his meritorious defenses, and "attempt to remedy" the discovery abuses that led the plaintiff to move for default judgment against him as a sanction.

The matter has been fully briefed, and after due consideration, the Court finds that Balder has shown good cause for his default. Accordingly, the Entry of Default will be set aside and this case will resume on the Court's docket. Ward's motions are premised on Balder's failure to answer the Amended Complaint. Because the Court finds good cause for the failure and grants Balder the opportunity to file an answer, the imposition of a sanction is inappropriate.

Accordingly, Ward's motions for sanctions and default judgement will be denied. Finally, Balder's Motion to Quash concerns subpoenas issued for the previously scheduled hearing of Ward's motions for sanctions and default judgment. It is now moot.

FACTS AND PROCEDURAL HISTORY

Defendant Balder and Plaintiff Ward are a divorced couple embroiled in a child custody dispute in Harrison County Chancery Court. Ward alleges that Balder came to her home to retrieve certain personal property. Ward kicked a deflated basketball out of her garage while Balder was walking down the driveway with a picture frame. The basketball hit the picture frame. Balder did not complain at the time, but he later gave an affidavit to the Biloxi Police Department alleging that Ward had caused him bodily injury "by kicking a soccer ball at him hitting him in the right leg." (Am. Compl. 4, ECF No. 26.) Two days later, Balder signed a Petition for Domestic Abuse Protective Order "which falsely made multiple allegations" against Ward to obtain custody of the children. (*Id.*) Ward was arrested by the Biloxi Police Department and released on bond several hours later. She was prohibited from having any contact with the children for ten days. Ward alleges that Balder knew his allegations against her were false at the time he made them. He did not appear at the trial on the domestic violence charge he had instituted against her, resulting in a dismissal in her favor.

In this lawsuit, Ward seeks compensatory and punitive damages from Balder on state law claims of malicious prosecution, abuse of process, and intentional

infliction of emotional distress. Ward filed her complaint in April 2018. Magistrate Judge Walker conducted a case management conference on July 17. By the end of August, it was necessary for Judge Walker to conduct a telephone conference and direct Balder to provide complete responses to the outstanding discovery. (See Minute Entry Order Aug. 29, 2018.) When Balder did not do so, Ward filed a motion to compel and for sanctions. (ECF No. 13.) Judge Walker granted the motion as unopposed. Balder was ordered to provide discovery and pay $500 in Ward's attorneys' fees as a sanction. (ECF No. 22.) When Balder still failed to provide the required discovery, Ward filed another motion for sanctions that remains pending. Additionally, Ward requested and received permission to file an [26] Amended Complaint, which Balder failed to answer. Ward's motion for a default judgment requests default judgment as a sanction for Balder's failure to answer or provide discovery.

Balder's counsel has moved to withdraw from representation, and new counsel made an appearance. New counsel filed a response in opposition to Ward's Motion for Sanctions and the Motion to Set Aside Entry of Default now before the Court.

DISCUSSION

Entries of default are generally disfavored. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Federal Rule of Civil Procedure 55(c) allows the Court to set aside an entry of default for good cause. Whether good cause exists is determined by consideration of three factors: whether (1) the default was willful; (2) setting it

aside would prejudice the plaintiff; and (3) the defendant presents a meritorious defense. *Id.* "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause." *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). Other factors, such as whether the defendant acted expeditiously to correct the default, can also be considered. *Id.*

Balder argues that his counsel alone is at fault for the failure to answer Ward's amended complaint – he was "thrown to the wolves." (Def. Mem. 6, ECF No. 44.) Thus, he asserts, his default was not willful. As to prejudice, Balder notes that this case is in its early stages and Ward already has most of the information she needs to prosecute her malicious prosecution claims, making any delay caused by Balder's failure to defend non-prejudicial. Balder also contends he has a meritorious defense: he had an honest and reasonable belief that Ward was guilty of domestic abuse. Balder did not act particularly expeditiously in moving to correct the default, but he argues that the three month delay is attributable only to his previous counsel. Once he obtained new counsel this motion to set aside was promptly filed.

The Court finds that setting aside the default will not prejudice Ward. To prove prejudice, the plaintiff must show that setting aside the default entry "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy*, 227 F.3d at 293. Ward asserts the delay and Balder's past failures to cooperate in discovery are prejudicial. Mere

delay is not prejudice, *id.*, and her difficulties in obtaining discovery should decrease, rather than increase with Balder's new representation.

The Court also finds that Balder has articulated a meritorious defense in this case which would likely require any default judgment imposed to be set aside. *See Scott v. Carpanzano*, 556 F. App'x 288, 296 (5th Cir. 2014) (explaining that a meritorious defense exists "where there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.") Balder asserts that Ward will be unable to establish the "want of probable cause" element of a malicious prosecution claim in Mississippi. "Probable cause" in the malicious prosecution context refers to "a reasonable and honest belief in the guilt of the accused." *Hudson v. Palmer*, 977 So. 2d 369, 381 (Miss. Ct. App. 2007). It is possible that Balder will be able to show that he had probable cause to institute the criminal proceedings against Ward.

Finally, the Fifth Circuit has defined willfulness as "an intentional failure to respond to litigation." *In re OCA*, 551 F.3d 359, 370 n.32 (5th Cir. 2008). Balder contends it was his previous counsel alone who intentionally failed to file an answer, while previous counsel informed the Court that Balder had not cooperated with her, making it "beyond impossible" to represent him. (Resp. to Obj. to Mot. to Withdraw 2, ECF No. 35.) The Court resolves this "he said, she said" by finding against willfulness. "'[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a

trial upon the merits.'" *Lacy*, 227 F.3d at 292 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Balder will be given the opportunity to show that with new counsel he will comply with all of his obligations in this litigation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [43] Motion to Set Aside Entry of Default and for Leave to File Answer to Amended Complaint filed by Defendant Donald Allen Balder, Jr. is **GRANTED**. The [32] Clerk's Entry of Default as to Donald Allen Balder, Jr., is hereby **SET ASIDE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Donald Allen Balder, Jr. must file his answer to the Amended Complaint on or before **March 1, 2019**.

**IT IS FURTHER ORDERED AND ADJUDGED** the Plaintiff Ward's [30] Motion for Default Judgment as to Amended Complaint and [24] Motion for Sanctions are **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Balder's [54] Motion to Quash is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 21st day of February, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE